1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ESTATE OF RODNEY LOUIS BOCK, et al.,

11            Plaintiffs,                    CIV. NO. S-11-0536 MCE GGH

12        vs.

13   COUNTY OF SUTTER, et al.,

14            Defendants.                    ORDER

15   _____/

16            Previously pending on this court's law and motion calendar for January 5, 2012

17   was defendant County of Sutter's motion for protective order and for temporary stay of

18   discovery, filed December 12, 2011.  Aaron Fischer and Ernest Galvan appeared for plaintiffs.

19   John Whitefleet represented defendant.  Having heard oral argument and reviewed the joint

20   statement, the court now issues the following order.

21   BACKGROUND

22            Plaintiffs are heirs of Rodney Bock, who committed suicide in the Sutter County

23   Jail on April 29, 2010, after suffering from mental illness.  This action was initiated on February

24   24, 2011, and the first amended complaint was filed May 25, 2011.  Alleged are claims for

25   deliberate indifference to Bock's mental health needs under 42 U.S.C. § 1983, Monell type

26   liability against Sutter and Yuba Counties, violation of substantive due process, violations of

1   Title II of the ADA and section 504 of the Rehabilitation Act and their state law counterparts,

2   medical malpractice, negligence, negligent supervision, training, hiring and retention, wrongful

3   death and failure to furnish/summon medical care, under state law.  Pending before Judge

4   England is a motion to dismiss filed by all defendants.

5            Defendant filed the instant motion, contending that plaintiffs should not get

6   discovery because the parties have not yet met and conferred, and because defendants have a

7   potentially dispositive motion to dismiss that is under submission with Judge England.

8   DISCUSSION

9        I.  Whether Discovery is Permitted in Light of Rule 26(f)

10           Defendant contends that because the parties have not completed their Rule 26(f)

11  conference, discovery may not yet be sought pursuant to Rule 26(d)(1).  Defendant argues that

12  the joint status report contemplates postponing initial disclosures which is all that is remaining to

13  complete the meet and confer requirement, while plaintiffs assert that the parties have met and

14  conferred pursuant to Rule 26(f), as evidenced by their joint status report which memorializes the

15  meet and confer process.

16           Although initial disclosures generally precede discovery, it is not required that

17  they do so.  Plaintiffs' argument that they need discovery as to identities of Doe Defendants has

18  merit at this stage of the proceedings where the pleadings are not yet settled.  Defendant's

19  argument that its motion to dismiss may obviate the need for any or all discovery requires a peek

20  at the motion itself.  Therefore, defendant's alternative ground for relief, that discovery should be

21  temporarily stayed, will be analyzed.

22       II.  Whether Discovery Should be Stayed

23            A.  Standards For Granting A Stay Of Discovery

24           This court has great discretion to issue protective orders denying discovery.

25  B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979).  Nonetheless, the

26  Federal Rules provide that good cause is required in order for a party to obtain a protective order.

1   Fed. R. Civ. P. 26(c); Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E.D. Wash. 1977).  To

2   prevail on a motion for a protective order, the party seeking the protection has the burden to

3   demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory

4   statements . . . ." Id.; Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653

5   (D.Nev. 1989); Kamp Implement Co. v. J.I. Case Co., 630 F. Supp. 218, 219 (D. Mont. 1986).

6           This court generally applies a two pronged analysis in deciding whether to grant a

7   protective order staying discovery before other pending motions can be heard.  First, a pending

8   motion must be potentially dispositive of the entire case, or at least dispositive on the issue at

9   which discovery is directed.  Panola Land Buyer's Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th

10  Cir. 1985).  Magistrate judges have been given broad discretion to stay discovery pending

11  decisions on dispositive motions, including motions for summary judgment.  Id.; see also,

12  Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976).  The court may, for example,

13  stay discovery when it is convinced that plaintiff will be unable to state a claim for relief or if the

14  action is moot.  B.R.S. Land Investors, 596 F.2d at 356; Wood v. McEwen, 644 F.2d 797, 801

15  (9th Cir. 1981).

16          Second, the court must determine whether the pending dispositive motion can be

17  decided absent additional discovery.  See, e.g., Church of Scientology of San Francisco v.

18  Internal Revenue Service, 991 F.2d 560, 563 (9th Cir. 1993), vacated in part on other grounds, 30

19  F.3d 101 (9th Cir. 1994).  If the court answers these two questions in the affirmative, a protective

20  order may issue.  However, if either prong of this test is negative, discovery proceeds.  Denying a

21  protective order is particularly appropriate if a stay of discovery could preclude either party from

22  fully preparing for the pending dispositive motion.  Id.

23          B. Analysis

24          The requested discovery is not needed to combat the motion to dismiss, which is

25  already briefed and under submission.  Plaintiffs believe that the first prong of the discovery stay

26  test will not be met, i.e., defendants will not ultimately be successful on their motion to dismiss;

3

1 | therefore, the motion is not dispositive of the proceedings.[1]

2 |      The remainder of the court's discussion will thus focus on the merits of

3 | defendants' motion to dismiss as the reason for a discovery stay.  <u>It must be emphasized that the</u>

4 | <u>undersigned does not sit as the adjudicator on the merits of defendants' dispositive motion</u>.  No

5 | pronouncement of this court concerning the merits of the dispositive motion binds the district

6 | judge in any way.  However, the undersigned must take a "peek" at the merits in order to assess

7 | the validity of the stay of discovery motion.  Obviously, if the motion (in the undersigned's

8 | opinion) is completely devoid of merit, the motion will not stand to bar discovery at this time.

9 | On the other hand, if the motion will surely be granted, this court would exercise its discretion to

10 | block discovery in order to alleviate wasted resources and time.  Neither of the above extreme

11 | endpoints on the dispositive spectrum is apparent with respect to the issues in defendants'

12 | motion.

13 |      Here, defendants' motion appears colorable, but it can not be said that the motion

14 | will surely be granted, especially with respect to the case as a whole.  As a result, discovery

15 | should not be stayed for any lengthy period.  Nevertheless, it is quite possible that some claims

16 | and/or defendants might be eliminated by the motion, and the undersigned is reluctant to require

17 | defendants to expend resources and perform much work in responding to discovery that might be

18 | mooted by the granting of the motion in whole or in part.[2]  Therefore, discovery will be permitted

19 | at present, but only insofar as it seeks the identity of potential Doe Defendants.  All remaining

20 | discovery will be stayed for thirty days.  In thirty days from the filed date of this order, all other

21 | discovery may commence, if the district judge has not ruled on the pending motion to dismiss.  If

22 | \\\\\

---

[1]  Plaintiffs additionally point out that the decedent's parents are elderly and this case should therefore proceed without delay.  As stated earlier, they also seek discovery of Doe Defendants, possibly for amendment of the complaint.

[2]  It is very likely that defendants' dispositive motion will be decided soon.

1  the district judge has ruled, further discovery will, of course, be determined by the nature of the

2  ruling.

3  <u>ONCLUSION</u>

4         Accordingly, IT IS ORDERED that: Defendant County of Sutter's motion for

5  protective order and for temporary stay of discovery, filed December 12, 2011, (dkt. no. 21), is

6  granted in part and denied in part.  Plaintiffs may immediately obtain discovery regarding

7  identities of potential Doe Defendants.  All remaining discovery is stayed for thirty days from the

8  date of this order.

9  DATED: January 9, 2012

10                     /s/ Gregory G. Hollows

11                   UNITED STATES MAGISTRATE JUDGE

GGH:076:Bock0536.sta.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26