**PORTER SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SUTTER; COUNTY OF YUBA; J. PAUL PARKER, DAVID SAMSON, NORMAN BIDWELL, JOHN S. ZIL, CHRISTOPHER BARNETT, BOBBY JOE LITTLE, DAVID CALAPINI, SHAUN FLIEHMAN, KATY MULLIN, and DONISE MCGINNIS (erroneously sued as Denise McGinnis)

MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
AARON J. FISCHER – 247391
KATHRYN G. MANTOAN – 239649
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:   (415) 433-6830
Facsimile:    (415) 433-7104
Email:         mbien@rbgg.com
                  egalvan@rbgg.com
                  afischer@rbgg.com
                  kmantoan@rbgg.com

GERI LYNN GREEN – 127709
LAW OFFICES OF GERI LYNN GREEN, LC
155 Montgomery Street, Suite 901
San Francisco, California 94104-4166
Telephone:   (415) 982-2600
Facsimile:    (415) 358-4562
Email: gerilynngreen@gmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RODNEY LOUIS BOCK, deceased, by and through CYNDIE DENNY BOCK, as Administrator; KIMBERLY BOCK; KELLIE BOCK HILLARY BOCK; M.B. minor through her mother and guardian ad litem Cyndie Denny Bock; LAURA LYNN BOCK; and ROBERT BOCK,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF SUTTER; COUNTY OF YUBA; J. PAUL PARKER, Sutter County Sheriff's Department Sheriff; DAVID SAMSON, Sutter County Jail Division Commander; NORMAN BIDWELL, Sutter County Jail Division Corrections Lieutenant; | CASE NO: 2:11-cv-00536-MCE-GGH<br><br>**STIPULATED PROTECTIVE ORDER** |

{01068668.DOCX}
01058624.WPD

1

**STIPULATED PROTECTIVE ORDER**

[683743-1]

JOHN S. ZIL; CHRISTOPHER BARNETT; BOBBY JOE LITTLE; DAVID CALAPINI; SHAUN FLIEHMAN; R.C.; KATY MULLIN, DENISE MCGINNINS; SUTTER COUNTY JAIL FACILITY MANAGER; and Does 1 through XL inclusive,

      Defendants.

/

Defendants COUNTY OF SUTTER, COUNTY OF YUBA, J. PAUL PARKER, DAVID SAMSON, NORMAN BIDWELL, JOHN S. ZIL, CHRISTOPHER BARNETT, BOBBY JOE LITTLE, DAVID CALAPINI, SHAUN FLIEHMAN, KATY MULLIN, and DONICE MCGINNIS (collectively "Defendants") in good faith believe that certain documents may contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

Defendants take the position that these Confidential documents are as follows:

1. Portions of personnel records of persons employed with the Sutter County Sheriff's Office, Sutter County Jail, and/or Sutter-Yuba Mental Health Services facility involved in the subject incident(s) at issue, including but not limited to citizen complaints, and internal investigations;

2. Portions of the written policies and procedures of the Sutter County Jail (excepting those portions of the Sutter County Jail Policy Manual that have previously been disclosed to Plaintiffs pursuant to a Public Records Act request, Bates Nos. PRA000001-000273); and

3. Portions of the written policies and procedures of the Sutter County Jail Health Department applicable to the Sutter County Jail.

{01068668.DOCX}

IT IS HEREBY STIPULATED by, among and between the parties through their counsels of record that the documents described herein may be designated as "Confidential" by the Defendants and produced subject to the following Protective Order:

1.	The disclosed documents shall be used solely in connection with the civil case of *Estate of Bock v. County of Sutter, et al.*, Case No. CV 11 00536 (USDC EDCA).  The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.	Defendant may only designate as "Confidential" a document, which it has determined in good faith to be: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

3.	A party producing the documents described herein may designate those documents as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record.  If any confidential documents cannot be labeled with this marking, those documents shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

4.	A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation.  A party shall not be obligated to challenge the propriety of a

confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

5. Documents designated under this Protective Order as "Confidential" may be disclosed only to the following persons:

(a) All counsel of and attorneys in the offices of counsel for Defendants in the case enumerated above;

(b) All counsel of record, and attorneys in the offices of counsel for Plaintiffs in the case enumerated above;

(c) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subpart (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

(e) Any expert, consultant or investigator retained in connection with this action;

(f) The parties to this action;

(g) The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel; and

(h) Witnesses during their depositions in this action.

6. Prior to the disclosure of any Confidential documents to any person identified in paragraph 5 and it subparts, each such recipient of Confidential documents shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in *Estate of Bock v. County of Sutter, et al.*, Case No. CV 11 00536 (USDC EDCA) and shall abide by its terms. I consent

to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt.

Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. The party receiving documents designated as "Confidential" shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given. The party that has produced documents designated as "Confidential" may request the identities of said individuals if it is able to demonstrate a good faith basis to believe that there has been a breach of the terms of the Protective Order.

7. All documents designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential" if filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document:

**This envelope is sealed pursuant to the order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened nor the content thereof displayed or revealed except by order of the Court.**

8. The designation of documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document.

9. The following procedures shall be utilized by the parties making copies of documents designated as "Confidential":

(a) The producing party shall provide one copy of the Confidential documents to the receiving party.

(b) The receiving party shall not furnish, disclose, or otherwise divulge any the Confidential documents to any source, except those persons identified in Paragraph 5 herein, without further order of the Court or authorization from counsel for the producing party.

{01068668.DOCX}
01058624.WPD

[683743-1]

5

**STIPULATED PROTECTIVE ORDER**

(c) If any document designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter will be directed to bind those portions of the transcript that contain discussion of the contents of the Confidential documents separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated Confidential, including exhibits designated as "Confidential," will be marked: **CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

10. Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No document shall lose its "Confidential" status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

11. After the conclusion of this litigation, all Confidential documents, in whatever form stored or reproduced, will remain confidential. All documents produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the case following a trial (and any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

12. No later than 30 days after settlement or receiving notice of the entry of an order,

judgment, or decree terminating this action, all persons having received the Confidential documents shall certify that they have destroyed or returned said documents to counsel for the producing party.

13. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.   After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause found or by the stipulation of the parties.

14. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown; and (b) to adjudicate any dispute respecting the designation, use, or disclosure of Confidential documents.


DATED: October 10, 2012            Respectfully submitted,

                                   PORTER SCOTT
                                   A PROFESSIONAL CORPORATION


                                   By    /s/ John R. Whitefleet
                                           John R. Whitefleet
                                           Attorneys for Defendants



DATED: October 9, 2012             Respectfully submitted,

                                   ROSEN BIEN GALVAN & GRUNFELD LLP


                                   By /s/ Aaron J. Fischer (as authorized on 10/09/12
                                           Aaron J. Fischer
                                           Attorneys for Plaintiffs


{01068668.DOCX}

01058624.WPD

[683743-1]

7

**STIPULATED PROTECTIVE ORDER**

## ORDER

Good cause appearing, and subject to the modifications set forth in the concurrently filed order, it is SO ORDERED.

By   /s/ Gregory G. Hollows
     Magistrate Judge