IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYNDIE DENNY BOCK, as
Administrator of the Estate of
Rodney Louis Bock, et al.,

       Plaintiffs,               No. 2:11-cv-0536 MCE KJN

    v.

COUNTY OF SUTTER, et al.,

       Defendants.           ORDER

_____/

Presently pending before the court are plaintiffs' motion to compel production of documents and motion to compel an inspection of the Sutter County Jail. (Dkt. Nos. 70, 72.) The parties timely filed their joint statements regarding the motions to compel on April 25, 2013, and May 2, 2013. (Dkt. Nos. 73, 76.)[1]  At the hearing on the motions conducted on May 9, 2013, Aaron Fischer and Lori Rifkin appeared on behalf of plaintiffs, and John Whitefleet appeared on

---

[1] However, the court notes that defendants filed several declarations after the respective deadlines for filing of the joint statements and supporting materials pursuant to Local Rule 251. Although the court has considered all the materials submitted, the parties are advised that any supporting documentation, such as declarations, are required to be submitted at the same time as the joint statement. The parties are cautioned that future tardy submission of declarations or other supporting documentation may result in the striking of such materials or the imposition of sanctions.

behalf of defendants.

       After considering the parties' joint statements, supporting documentation, and oral arguments, and for the reasons stated at the hearing, IT IS HEREBY ORDERED that:

       1. Plaintiffs' motions to compel (dkt. nos. 70, 72) are GRANTED IN PART along the terms outlined in this order, and as stated in greater detail on the record at the hearing.

       2. Within fourteen (14) days of this order, defendant County of Sutter shall produce all personnel and staff development files for defendants McElfresh, Crane, and Rai pursuant to the parties' stipulated protective order.

       3. Within fourteen (14) days of this order, defendant County of Sutter shall produce, pursuant to the terms of the parties' stipulated protective order, certain specific personnel file documents for defendants officer Calapini and Dr. Barnett previously withheld by the County of Sutter, in particular (a) for defendant Calapini, the Notice of Hearing and Notice of Termination documents, dated April 4, April 23, May 3, May 21, and June 21, 2012, and (b) for defendant Barnett, the written reprimand dated November 17, 2011.[2]

---

[2] For the reasons stated at the hearing, the court finds that these documents fall within the scope of discovery and are at least reasonably calculated to lead to the discovery of admissible evidence. Defendant Calapini's documented failure to follow policies or procedures regarding safety, such as conducting a fire drill, and then purportedly lying about it, are relevant, because it at least arguably makes it more likely that Calapini also failed to follow the jail's safety policies regarding mentally ill inmates when he was supervising Mr. Bock. Even though the fire drill incident may not have occurred at the same time as Mr. Bock's death, it bears on the question of defendant Calapini's performance of safety-related duties. Similarly, given that plaintiffs have alleged that defendant Dr. Barnett had improperly discharged Mr. Bock and authorized his transfer to Sutter County Jail where he later died (Fourth Amended Complaint, Dkt. No. 56, ¶¶ 84-90), Dr. Barnett's written reprimand regarding deficiencies in completing admission and discharge documentation may bear on whether Dr. Barnett had a pattern of failing to timely and/or properly complete such documentation, with potential consequences to his patients.
    The court also overrules defendants' objections as to confidentiality and privacy, because such concerns are adequately addressed by the parties' stipulated protective order.
    Finally, the court rejects defendants' claim that the Calapini documents may be withheld pursuant to California Penal Code section 832.7(a). This court is not bound by a California state law privilege, because in a federal action "[w]here there are federal question claims and pendent state law claims present, the federal law of privilege applies." Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005); see also Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (referencing Cal. Penal Code §§ 832 et seq. and stating that "[d]espite

4. Within fourteen (14) days of this order, defendant County of Sutter shall conduct a reasonable and diligent search, in appropriate county departments or divisions, for documents that the County of Sutter submitted to or received from the Department of Justice and/or the Sutter County District Attorney related to the death of Rodney Bock, to the extent that such documents are in the possession, custody, or control of the County of Sutter. Within fourteen (14) days of this order, defendant County of Sutter shall also serve on plaintiffs an appropriate declaration stating that such a search was conducted, and produce any responsive documents, along with a privilege log for any withheld documents.

5. Within fourteen (14) days of this order, defendant County of Sutter shall conduct a reasonable and diligent search for, and produce, certain documents identified during deposition testimony and outlined in the parties' joint statement, in particular the "progress note" prepared by Sutter County Jail nurse Nikole Perian and the "training book" identified by Sutter County Jail correctional officer Khushwant Randhawa. If defendant County of Sutter is unable to locate these documents, it shall make a reasonable and diligent inquiry regarding the timing and circumstances of the documents' loss or destruction, and serve on plaintiffs a declaration setting forth the timing and circumstances of the documents' loss or destruction, to the extent it can be ascertained in good faith, within fourteen (14) days of this order.

6. Within 45 days of this order, defendant County of Sutter shall produce all responsive electronic documents (including e-mails and other electronic files), identified by conducting a search with the term "Bock," located on the County of Sutter's system-wide servers, as well as the local hard drives and other County-issued devices of the named defendants

---

defendant's repeated assertions to the contrary, the law of California, the forum state, does not inform federal privilege law."); Herring v. Clark, 2011 WL 2433672, at *5 (E.D. Cal. Jun. 14, 2011) (unpublished) ("In federal question cases the clear weight of authority and logic supports reference to federal law on the issue of the existence and scope of an asserted privilege...Accordingly, arguments that rely on application of California state law [referring *inter alia* to Cal. Penal Code § 832.7] are disregarded."). Defendants have not claimed or argued that production of the requested documents is prohibited by a specific federal privilege.

and other custodians listed on page 2 of plaintiffs' counsel's March 22, 2013 meet-and-confer letter. (See Dkt. No. 73-1, Ex. P.) Along with the production, defendants' counsel shall provide a privilege log for any withheld privileged documents, except that defendants' counsel need not identify any withheld privileged documents where defendants' counsel is the sender or direct recipient of the communication (as opposed to merely being copied on the correspondence). Along with the production, defendants' counsel shall also provide a short description of the electronic search process conducted, identifying custodians, servers or devices searched, and any special categories of documents that were excluded from the search or production.

7. Plaintiffs' counsel and their experts shall be permitted to conduct an inspection of the Sutter County Jail on May 30, 2013, or any other date agreed to by the parties, for a reasonable period of time along the principles discussed on the record at the hearing. Defendant County of Sutter shall make a person(s) available to answer any routine questions regarding the general operations of the jail to assist plaintiffs' experts with understanding their observations during the inspection. Defendant County of Sutter shall also endeavor to continue normal operations of the jail as much as is reasonably possible during the inspection, allowing plaintiffs' counsel and experts to observe jail operations in the ordinary course of business, but making allowance for any appropriate restrictions or modifications necessitated by good faith security concerns of the jail and jail staff. Defendant County of Sutter may require plaintiffs' counsel and experts to sign standard releases ordinarily required to be executed by other visitors touring the jail.

8. Plaintiffs' request for sanctions is denied without prejudice. The parties are cautioned that future failure to reasonably meet and confer regarding discovery, dilatory conduct, or other discovery abuse by any party may result in the imposition of appropriate sanctions.

////

////

////

9. The parties remain free to stipulate to extensions of the above deadlines, as appropriate, or to agree to a stay of all or some discovery pending the settlement conference.

IT IS SO ORDERED.

DATED: May 13, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE